# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEMETRIOUS SCOTT NERO,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-21-320-R |
| | ) |
| **SCOTT CROW, Director,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 2254, the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On May 11, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended the Petition be dismissed without prejudice on two grounds, first, abstention under *Younger v. Harris*, and second, because it did not appear that Petitioner had exhausted at least one of the claims that might be gleaned from his Petition, ineffective assistance of counsel. (Doc. No. 8). The matter is currently before the Court on Petitioner's objection to the Report and Recommendation (Doc. No. 12), which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.[1]

---

[1] The Court granted Petitioner an extension of time in which to file his objection after receipt of a motion requesting an extension on June 9, 2021.

Petitioner is correct in noting that *Younger* abstention is no longer applicable in this case. The Oklahoma Court of Criminal Appeals issued a decision on Petitioner's direct appeal on May 2, 2021, after Judge Purcell issued the Report and Recommendation. Because the Oklahoma Court of Criminal Appeals has resolved Petitioner's direct appeal, there is no ongoing state court proceeding. As a result of these changed circumstances, the Court declines to adopt the Report and Recommendation with regard to the recommendation of dismissal based on *Younger v. Harris*, 401 U.S. 37 (1971).

Judge Purcell alternatively concluded that the action should be dismissed because Petitioner had failed to exhaust each of his claims by first presenting those claims to the state courts, either via direct appeal or in post-conviction proceedings. In his objection to the Report and Recommendation Petitioner takes issue with Judge Purcell's interpretation of his Petition as potentially including a claim for the ineffective assistance of counsel and disavows that he is asserting such a claim.[2] *See Report and Recommendation*, p. 6, *Objection*, p. 2. Accordingly, the Court declines to adopt the Report and Recommendation as it addresses any potential ineffective assistance of counsel claim. The Court therefore turns to the sole substantive claim set forth in the Petition.

Ground One of the Petition asserts, "Petitioner denied rights in state district and appellate courts there is absence of available state corrective process." (Doc. No. 1, p. 5). He recited the following as the supporting facts:

---

[2] Judge Purcell granted the Petition liberal construction but will not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008). With regard to each ground raised the form petition queries whether the claim was raised on direct appeal, and "[i]f you did not raise this issue in your direct appeal, explain why." Petitioner wrote, "because of insufficient assistance of counsel arguably violate code of professional conduct I was not consulted on any aspect of the proposition on appeal to assert issue." (Doc. No. 1, p. 5).

> Petitioner was denied his right to due process by district court when it exercised power not authorized by state law which mandates a hearing on the motion for postconviction DNA testing not summary judgment if Petitioner was able to present evidence which is a (statutory right) he would have overcome the presumption of guilt but for constitutional error Petitioner fails.

*Id.* The Court, having considered this claim in accordance with its obligation under Rule of the Rules Governing Section 2254 Cases in the United States District Courts (court must promptly examine habeas petition filed by state prisoner), finds that dismissal is appropriate.[3]

"Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayles v Felix*, 545 U.S. 644, 656 (2005). This Petition is subject to dismissal under Rule 4, because it fails to present a claim cognizable on habeas review. Section 2254 authorizes federal courts to review habeas petitions only if the petitioner is "in custody" as to the state-court judgment he seeks to

---

[3] In Case No. CF-2015-7085, District Court of Oklahoma County, Petitioner was convicted of one count of Robbery with an Imitation Firearm in violation of Okla. Stat. tit. 21 § 801. On October 20, 2020, Petitioner filed a Motion for Post-conviction DNA testing in the District Court of Oklahoma County, which he characterized in his Petition as follows:

> Petitioner is innocent of robbery with a (sic) imitation firearm because there was not one during commission of crime nor was one found by law enforcement during inventory of the vehicle at the time of arrest however the next morning a imitation firearm was found the middle console however the state's witness asserted he is knowing in firearms and I robbed him with a semi-automatic firearm which is true I did. So how did a (sic) imitation firearm get there. I requested by motion post conviction DNA testing to reflect no DNA of my person is on the imitation firearm.

Doc. No. 1, p. 3. The court denied his motion on January 15, 2021. Petitioner filed a "Petition for Writ of Prohibition and/or Peremptory Writ of Mandamus" with the Oklahoma Court of Criminal Appeals, Case No. PR 2021-79. Therein he argued that the District Court of Oklahoma County erred in denying his motion without a hearing, which he argued was mandated by Okla. Stat. tit. 22 § 1373.4. The Oklahoma Court of Criminal Appeals declined to exercise jurisdiction because the applicant, Petitioner, failed to serve notice on the adverse party, the District Court of Oklahoma County, when requesting relief. *See* Rule 10.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2021). As relief in his motion, Petitioner requests that the Court assume jurisdiction of the case and correct the constitutional error, vacate the state court orders from the district and appellate courts and remand the matter to the District Court of Oklahoma County. (Doc. No. 1, p. 14).

challenge and his challenge to custody must allege violation of the United States Constitution, federal law, or a treaty of the United States. *See Kirby v. Janeckai,* 379 F. App'x 781, 782-83 (10th Cir. 2010). Although Petitioner fulfills the custody requirement, his sole claim is that the District Court of Oklahoma County erred in failing to conduct an evidentiary hearing before denying him DNA testing, which hearing he contends was required by Oklahoma statute, specifically the Postconviction DNA Act, Okla. Stat. tit. 22 § 1373 (2013).[4]

> [T]o the extent petitioner suggests that the state courts misapplied state law in denying his request for post-conviction DNA testing, he alleged only an error of state law. And an error of state law does not suffice to invoke federal habeas jurisdiction. *See Wilson v. Corcoran*, 562 U.S. 1, 5, (2010)("[I]t t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(reiterating that "federal habeas corpus relief does not lie for errors of state law").

*Sanders v. Crow*, No. 19-cv-0396-CVE-FHM, 2019 WL 3781430, *2 (N.D. Okla. Aug. 12, 2019), *certificate of appealability denied*, 791 F. App'x 773 (10th Cir. Jan. 28, 2020).

> Further, [Petitioner] "cannot transform a state[-]law claim into a federal one merely be attaching a due[-]process label." *Leatherwood*, 861 F.3d at 1043. A state's procedures for postconviction DNA testing violate procedural due process "only if they are fundamentally inadequate to vindicate the substantive rights provided." *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009), *cf. Skinner v. Switzer*, 562 U.S. 521, 525, 131 S. Ct. 1289, 179 L.Ed.2d 233 (2011)(noting that "*Osborne* severely limits the federal action a state prisoner may bring for DNA testing").

---

[4] There is no federal constitutional right to DNA testing. *See, e.g., Alvarez,* 679 F.3d at 1261 (recognizing that the Supreme Court has "reject[ed] the attempt to constitutionalize the issue of postconviction access to DNA evidence").

*Sanders v. Crow*, 791 F. App'x 773, 774-75 (10th Cir. Jan. 28, 2020).[5] Here Petitioner's contention that the District Court of Oklahoma County violated his federal constitutional rights by failing to hold a hearing prior to denial of his request for DNA testing fails to state a claim that his federal rights were violated. As a result, he fails to state a claim for habeas corpus relief and the Petition is therefore DISMISSED.

Additionally, the Court hereby DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1)(A) because before issuing such a certificate the Court must find that Petitioner had made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make that showing, he must demonstrate at least that reasonable jurists could debate 'whether the petition states a valid claim of the denial of a constitutional right.'" *Sanders,* 791 F. App'x at 774. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). This Petitioner has not done.

For the reasons set forth herein, the Report and Recommendation is adopted to the extent it is consistent with the above, the Petition is dismissed, and the Court denies Petitioner a Certificate of Appealability.

IT IS SO ORDERED this 23rd day of June 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[5] Additionally, an inmate's request for DNA testing is properly brought pursuant to 42 U.S.C. § 1983, not § 2254, because "[s]uccess in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction." *Skinner v. Swizter*, 562 U.S. 521, 534 (2011).